IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDURRAHMAN ABDALLAH ALI MAHMOUD AL SHUBATI,<br><br>*Petitioners/Plaintiffs,*<br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>*Respondents.* | CIVIL ACTION NO. _____ |

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONER AND THE COURT WITH THIRTY DAYS' ADVANCE NOTICE OF INTENDED REMOVAL OF PETITIONER FROM GUANTANAMO**

Petitioner respectfully moves this Court to grant his counsel 30 days' notice before transferring him from Guantanamo Bay Naval Base in Cuba. Recent press accounts about the uncertainty of Guantanamo's future lead Petitioner to reasonably believe that he may be immediately transferred to an unknown location where he could be held indefinitely without due process of law and potentially tortured or otherwise abused. The requested notice will protect Petitioner al Shubati and allow this Court to preserve its jurisdiction until the Supreme Court issues an opinion in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3705 (U.S. Jun. 29, 2007).

**I.  30 Days' Notice of Transfer is Appropriate to Protect Petitioner Against Rendition and Torture**

Petitioner al Shubati requests that his counsel be given thirty days' advance notice of any transfer to provide his counsel with an opportunity to contest his removal from Guantanamo and to preserve the jurisdiction of this Court in this matter. On information and belief, Respondents have contemplated or are contemplating removing Petitioner to foreign territories where he could

be tortured or held indefinitely without due process of law. The requested relief will allow Petitioner al Shubati to seek relief from this Court if necessary and allow this Court to preserve its jurisdiction pending a Supreme Court decision in *Boumediene*.

### A. Petitioner al Shubati Is in Danger of Being Transferred to an Unknown Location Where He Faces Possible Torture and Indefinite Detention Without Due Process of Law

Petitioner al Shubati is a Yemeni national who is currently being held at Guantanamo. Respondents may at any time transfer Petitioner al Shubati to a foreign jurisdiction where he may be detained indefinitely, abused, or even tortured.

For years, the press has reported on Pentagon plans to transfer more than half of the detainees at Guantanamo to countries with abominable human rights records, such as Saudi Arabia, Afghanistan, and Yemen. *See* Douglas Jehl, *Pentagon Seeks to Transfer More Detainees from Base in Cuba*, New York Times, March 11, 2005. The government now appears to be executing that plan. Recent press reports regarding mounting internal pressures to close the detention facilities at Guantanamo place Petitioner al Shubati in grave danger of being moved to an undisclosed location. *See* Associated Press, *Democrats Plan to Close Guantanamo*, June 29, 2007 ("The White House says Bush has already decided to close the U.S. prison in Cuba and transfer more than 370 terrorism suspects elsewhere."). Within the last six months, dozens of detainees were transferred to foreign governments, including Saudi Arabia, Afghanistan, and Yemen, among others. *See* Press Releases, Dep't of Defense, Detainee Transfer Announced (June 19, 2007; July 16, 2007; Sept. 6, 2007; Sept. 28, 2007; Sept. 29, 2007; Nov. 4, 2007; Nov. 11, 2007, Dec. 12, 2007).

Petitioner al Shubati has reason to fear that he will be transferred into the custody of the government of Yemen or a third country for continued illegal detention without due process of law. On information and belief, a number of detainees have been removed to countries where

they have been imprisoned and denied access to the courts. In the past, the U.S. government has contemplated transferring "large numbers of Afghan, Saudi, and Yemeni detainees from the military's Guantanamo Bay, Cuba, detention center into new U.S.-built prisons in their home countries." Dana Priest, *Long-Term Plan Sought For Terror Suspects*, Wash. Post, Jan. 2, 2005, at A1. In its December 12, 2007 press release, the United States Department of Defense stated that "more than 70 detainees at Guantanamo are eligible for transfer or release," which amounts to almost a fourth of the prison population. On information and belief there is a substantial likelihood that Petitioner al Shubati is among the detainees slated for transfer.

Petitioner al Shubati also has reason to fear that he will be transferred to a country where he will be tortured or detained indefinitely without due process of law. Upon information and belief, the United States has secretly removed detainees and others suspected of terrorist activities to other countries to be interrogated or detained without complying with extradition or other legal processes. This practice, known as "rendition" or "extraordinary rendition," is used to facilitate interrogation by subjecting detainees to torture.

Reports by reputable news organizations such as the *Washington Post* and the British Broadcasting Corporation have documented the U.S. governments' practice of transferring detainees into the custody of foreign governments that employ inhumane interrogation techniques. According to the *Washington Post*,

> Since September 11, the U.S. government has secretly transported dozens of people suspected of links to terrorists to countries other than the United States, bypassing extradition procedures and legal formalities, according to Western diplomats and intelligence sources. The suspects have been taken to countries . . . whose intelligence services have close ties to the CIA and where they can be subjected to interrogation tactics — including torture and threats to families — that are illegal in the United States, the sources said. In some cases, U.S. intelligence analysts remain closely involved in the interrogation, the sources said.

Rajiv Chanrasekaran & Peter Finn, *U.S. Behind Secret Transfer of Terror Suspects*, Wash. Post, Mar. 11, 2002, at A1. Detainees may be brought to countries that are known to practice torture. *See, e.g.*, Megan K. Stack & Bob Drogin, *Detainee Says U.S. Handed Him Over for Torture*, L.A. Times, Jan. 13, 2005, at A1.

### B. Petitioner al Shubati Is Entitled to a Preliminary Injunction Granting Counsel and the Court 30 Days' Notice of Impending Transfer From Guantanamo

Petitioner al Shubati's request meets the most fundamental purpose of preliminary injunctive relief: "to preserve the status quo between the parties pending a final determination of the merits of the action." 13 Moore's Federal Practice 3d, § 65.20 (2004). Under the All Writs Act, 28 U.S.C. § 1651(a), this Court has the inherent power "to issue injunctions to protect its jurisdiction." *Envtl. Def. Fund v. EPA*, 485 F.2d 780, 784 n.2 (D.C. Cir. 1973).

Each of the four factors to be weighed in awarding preliminary injunctive relief favors the Petitioner's request for 30 days' notice of transfer: (1) Petitioner al Shubati will suffer irreparable harm if the injunction is denied; (2) no harm will be suffered by Respondents if the injunction is granted; (3) Petitioner al Shubati is likely to succeed on the merits of his claims; and (4) there is a clear public interest in preventing the United States Government from rendering individuals to foreign countries for illegal detention and torture. *See Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998). These factors are balanced on a sliding scale; "if the arguments for one factor are particularly strong, an injunction may issue[.]" *Id.*

Petitioner al Shubati's request should be granted because he faces a clear and present threat of severe and irreparable harm if transferred. He faces prospective harm of two types: personal bodily harm and legal harm. First, Petitioner al Shubati may suffer immeasurable and irreparable personal bodily harm—from detention to torture to possible death—at the hands of a foreign government. Second, Petitioner al Shubati will be harmed legally if transferred, as trans-

fer to another country circumvents his right to adjudicate the legality of his detention in this Court. Transfer would "eliminate any opportunity for [Petitioner] to ever obtain a fair adjudication of [his] 'fundamental right to test the legitimacy of [his] executive detention.'" Mem. Opinion [Granting Motion for 30 Days' Notice], Civil Action No. 04-1254 (HHK), Doc. No. 11 (D.C. Dist., June 3, 2005). The severity of the harm Petitioner al Shubati would suffer if transferred weighs heavily in favor of granting his request for 30-days notice.

By contrast, Respondents, who have already held Petitioner al Shubati for years, need only to provide counsel and the Court with adequate notice of any intended removal of Petitioner al Shubati from Guantanamo. This request does not place a substantial burden on Respondents, and Respondents can suffer no conceivable harm from complying with this request.

In addition, Petitioner al Shubati will likely succeed on the merits of his habeas claim. Petitioner has properly invoked the jurisdiction of this Court. *See Rasul v. Bush*, 124 S. Ct. 2686, 2698 (2004). The Supreme Court has already ruled that detainees have stated actionable claims under the Due Process Clause and the Geneva Conventions. *See Hamdan v. Rumsfeld*, 126 S. Ct. 2749 (2006). For the United States Government to remove Petitioner al Shubati to a country that would afford no such protections would flout the Supreme Court's rulings and defeat jurisdiction over Petitioner. Such a transfer would also violate basic international legal norms embodied in the Geneva Conventions, the International Covenant on Civil and Political Rights, and the Convention Against Torture and Other Cruel and Degrading Treatment and Punishment.

Finally, public policy favors requiring Respondents to provide advance notice to counsel and the Court of any intended removal of Petitioner from the Court's jurisdiction. The public good requires that a federal litigant — properly before the Court and represented by counsel —

be provided with a meaningful opportunity to contest his transfer into the hands of those who might torture him or detain him indefinitely. The relief Petitioner requests will not impede Respondents' efforts to transfer Petitioner to an appropriate location. In cases where a prisoner is being transferred to an acceptable location, alternative agreements have been negotiated to accelerate the 30-day period. Petitioner al Shubati only requests this order to provide a means of seeking relief from this Court before he is transferred to a place where he might be tortured or further held without process.

## II.     Conclusion

For the foregoing reasons, this Court should grant Petitioner al Shubati's motion for 30 days' notice of intended transfer of Petitioner from Guantanamo Bay Naval Base in Cuba.

Dated:  December 18, 2007.                      Respectfully submitted,

                                                Counsel for Petitioner:

                                                _____
                                                Brent N. Rushforth, DC Bar No. 331074
                                                Kit A. Pierson, DC Bar No. 398123
                                                Sarah B. Pojanowski, DC Bar No. 502036
                                                Jenny L. Workman, DC Bar No. 502584
                                                Elizabeth S. Arora
                                                Janet E. Haws
                                                HELLER EHRMAN LLP
                                                1717 Rhode Island Avenue, NW
                                                Washington, DC 20036
                                                Tel: (202) 912-2000
                                                Fax: (202) 912-2020

                                                Shayana Kadidal (DC 49512)
                                                Pardiss Kebriaei (DC 51395)
                                                CENTER FOR CONSTITUTIONAL RIGHTS
                                                66 Broadway, 7th Floor
                                                New York, New York 10012
                                                Tel: (212) 614-6439
                                                Fax: (212) 614-6499

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDURRAHMAN ABDALLAH ALI MAHMOUD AL SHUBATI, )<br><br>  *Petitioners/Plaintiffs,*<br>  v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>  *Respondents.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. _____ <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of December, 2007, I caused a true and correct copy of the **MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONER AND THE COURT WITH THIRTY DAYS' ADVANCE NOTICE OF INTENDED REMOVAL OF PETITIONER FROM GUANTANAMO** to be served on the following persons via First-Class, Postage Prepaid U.S. Mail:

**Kenneth L. Wainstein**
U.S. ATTORNEY
District of Columbia District
Judiciary Center
555 4th Street, NW
Washington, D.C. 20530

**George W. Bush**
PRESIDENT, UNITED STATES OF AMERICA
The White House
1600 Pennsylvania Avenue, NW
Washington, D.C. 20301-1000

**Michael B. Mukasey**
ATTORNEY GENERAL OF THE UNITED STATES
U.S. Department of Justice
Robert F. Kennedy Building
Tenth Street & Constitution Ave., NW
Room 5111
Washington, D.C. 20530

**Robert M. Gates**
SECRETARY, U.S. DEP'T. OF DEFENSE
1000 Defense Pentagon
Washington, D.C. 20301-1000

| | |
|---|---|
| **Rear Admiral Mark H. Buzby**<br>COMMANDER, JOINT TASK FORCE-GTMO<br>JTF-GTMO<br>APO AE 09360 | **Rear Admiral Mark H. Buzby**<br>UNITED STATES NAVY<br>Navy Pentagon<br>Washington, D.C. 20350-0200 |
| **Army Col. Bruce Vargo**<br>COMMANDER, JDOG<br>JTF-GTMO<br>APO AE 09360 | **Army Col. Bruce Vargo**<br>UNITED STATES ARMY<br>Army Pentagon<br>Washington, D.C. 20310-0200 |

_/s/ Deborah Raichelson_
Deborah Raichelson
Heller Ehrman