IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDURRAHMAN ABDULLAH                    )
ALI MAHMOUD AL SHUBATI, *et al.*,       )
                                        )
       Petitioners,                 )
                                        )
    v.                               )    Civil Action No. 07-CV-
                                        )
GEORGE W. BUSH,                         )
      President of the United States, )
    *et al.*,                        )
                                        )
      Respondents.                 )
                                        )

## RESPONDENTS' OBJECTION TO PETITIONER'S RELATED CASE DESIGNATION

      Respondents hereby object to the Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court (the "Notice") filed by petitioner simultaneously with his petition in the above-captioned case.

      Petitioner's Notice is potentially misleading in that it singles out one Guantanamo Bay detainee habeas case, *John Does 1-570 v. Bush*, 05-CV-323 (CKK), as if it were the primary or lead case of all the Guantanamo Bay detainee habeas cases.  In fact, there are approximately 200 Guantanamo habeas cases pending in this Court.  While the limited amount of space on the form doubtless makes it impossible to list all the cases there, no principled reason exists for elevating *John Does 1-570* to the most prominent position in this manner.[1]

---

[1] And if petitioner intended to designate this case as being related to all of the Guantanamo Bay detainee habeas cases, he cannot do so.  For one thing, this case does not meet the criteria for being treated as related to other scores of Guantanamo cases, and for another, to treat this case as related to the other detainee cases would b entirely inconsistent with the fashion in which the Court has, for a long while, treated those cases from a calendering and docketing perspective.

More importantly, the *John Does 1-570* case does not meet the criteria for a related case under Local Civil Rule 40.5(a)(3), which provides that a related civil case must be "pending on the merits in the District Court." On October 31, 2006, Judge Kollar-Kotelly granted respondents motion to dismiss *John Does 1-570*. *See* Memorandum Opinion and Order (dkt. nos. 30, 31). Judge Kollar-Kotelly dismissed the *Doe* case with prejudice in its entirety, concluding that counsel who initiated the litigation did not have standing to bring suit on behalf of unspecified "John Doe" detainees. *See id.* Judge Kollar-Kotelly also denied the *John Does* 1-570 petitioners' motion for reconsideration on July 11, 2007.[2] *See* Order (dkt. no. 42). Consequently, the *John Does 1-570* case does not qualify as a related case because it was not "pending on the merits" at the time the above-captioned case was filed.

Petitioner apparently attempts to circumvent fact that he filed this case after enactment of the Detainee Treatment Act ("DTA"), Pub. L. No. 109-148, tit. X, 119 Stat. 2680, by arguing he was included as an unnamed petitioner in *John Does 1-570*, a case filed prior to enactment of the DTA purportedly seeking habeas relief on behalf of hundreds of unnamed Guantanamo detainees.[3] *See* Petition at 2. As explained above, because the *John Does 1-570* case was dismissed with prejudice, petitioner cannot look to it case for purposes of attempting to circumvent the DTA's effective date provision. Furthermore, even aside from the DTA, the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600,

---

[2] No appeal has been filed in the *John Does 1-570* case.

[3] In light of the fact that the *John Does 1-570* case was dismissed because counsel in that case did not have standing to bring suit on behalf of unspecified "John Doe" detainees, the petitioner in this case cannot be considered one of the "same parties" for purposes of Local Civil Rule 40.5(a)(4).

unambiguously provides that this Court currently lacks jurisdiction over this case regardless of when it was filed. *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007) (No. 06-1195).

For these reasons, respondents object to any implication that the instant case is somehow more related to *John Does 1-570* than to the other scores of pending Guantanamo Bay detainee cases. Any coordination of these cases should be effected by deliberate action of the Court and not through arbitrary or incomplete application of the Court's process with respect to identification of related cases. *Cf.* L. Cv. R. 40.5(c) (in the event of an improvident assignment by the Clerk's Office due to an errant related case designation, the new case may be transferred to the Calendar Committee for a determination whether it should be reassigned at random).

Dated: December 31, 2007                    Respectfully submitted,

                                            JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General

                                            DOUGLAS N. LETTER
                                            Terrorism Litigation Counsel

                                            ___/s/ Andrew I. Warden_____
                                            JOSEPH H. HUNT (D.C. Bar No. 431134)
                                            VINCENT M. GARVEY (D.C. Bar No. 127191)
                                            JUDRY L. SUBAR (D.C. Bar 347518)
                                            TERRY M. HENRY
                                            JAMES J. SCHWARTZ
                                            JEAN LIN
                                            ROBERT J. KATERBERG
                                            ANDREW I. WARDEN (IN Bar 23840-49)
                                            NICHOLAS A. OLDHAM
                                            JAMES C. LUH
                                            Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Ave., N.W.

3

Washington, DC  20530
Tel:  (202) 514-4938
Fax:  (202) 616-8470

Attorneys for Respondents