IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDURRAHMAN ABDALLAH ALI MAHMOUD AL SHUBATI,<br><br>      Petitioner/Plaintiff,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>      Respondents/Defendants. | CIVIL ACTION NO. 07-CV-02338 (HHK) |

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO MOTION FOR THIRTY DAYS' ADVANCE NOTICE OF INTENDED REMOVAL OF PETITIONER FROM GUANTANAMO**

Respondents portray the D.C. Circuit's *Boumediene* decision as the final arbiter of whether the Military Commissions Act ("MCA") strips this court of jurisdiction. But the Supreme Court's grant of certiorari in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (U.S. June 29, 2007), shows that jurisdiction remains an open question in this case and that the Supreme Court will have the final word in this matter. It could just as well find that:

> The writ would have reached the detainees at common law, and Congress has neither provided an adequate alternative remedy, through the Detainee Treatment Act of 2005, Pub. L. No. 109-148, Div. A, tit. X, 119 Stat. 2680, 2739 ("DTA"), nor invoked the exception to the Clause by making the required findings to suspend the writ. The MCA is therefore void and does not deprive this court or the district courts of jurisdiction.

*Id*. at 995 (Rogers, J., dissenting).

As a practical matter, the Supreme Court's grant in *Boumediene* makes it essential for this court to preserve its jurisdiction over Petitioner in this case until the issue can be

decided. Granting Petitioner's request for notice before transfer permits the Court to protect its jurisdiction by keeping Petitioner Shubati from being unwillingly transferred to a location over which the Court lacks jurisdiction. All Writs Act, 28 U.S.C. § 1651(a); *Envtl. Def. Fund v. EPA*, 485 F.2d 780, 784 n.2 (D.C. Cir. 1973) (Courts have the inherent power "to issue injunctions to protect . . . jurisdiction."). As Respondents acknowledge, courts have granted the requested relief after the Supreme Court's grant of certiorari in *Boumediene*. *See Ghanem v. Bush*, 05-cv-01638 (CKK), dkt. 53 (D.D.C. July 10, 2007); *see also Saleh v. Bush*, 06-cv-01765 (HHK), dkt. 32 (D.D.C. July 28, 2007); *Hentif v. Bush*, 06-cv-01766 (HHK), dkt. 29 (D.D.C. July 28, 2007).

Respondents' claims that the requested relief will interfere with international relations are overblown. If Respondents are sincere in their protestations that Petitioner Shubati faces no risk, they cannot be harmed by the notice provision. Should Respondents transfer Petitioner Shubati to a location where he will not face abuse of process or person, there will be no need for Petitioner to seek relief from this Court. In that situation, the parties can easily speed up the transfer process, an expediency that has already occurred in numerous cases with notification provisions in place. Petitioner Shubati has no desire to slow down his transfer to a neutral or favorable location; to the contrary, he only requests some legal protection against finding himself in a worse situation than the one he currently faces.

Respondents' opposition brief does little to alleviate Petitioner Shubati's concerns that he will be transferred to a hostile location. According to Respondents, the standard used by the State Department is that detainees will not be transferred to countries where it

is "more likely than not" they will be tortured. Opp. at 16; Williamson Decl. ¶ 4. On its face, the State Department policy will allow Petitioner Shubati to be transferred to a country where there is up to and including a ***50 percent chance*** that he will be tortured. The risk to Petitioner rises far beyond "mere speculation," though the precise level of risk is unknown (and cannot be discovered by Petitioner).

In their opposition, Respondents refrain from telling the Court that Petitioner Shubati will not be transferred to a prison in some undesirable location. Speaking in the broadest of generalities, the Williamson Declaration explicitly states: "A detainee may be considered for transfer to a country other than his country of nationality." *Id*. ¶¶ 2-3. None of Respondent's statements alleviate Petitioner Shubati's concerns, nor should they assuage the Court's concerns regarding possible transfer of Petitioner.

Recent developments regarding detainee transfers and policies highlight some holes in Respondents' assurances to the Court. In particular, the United States has transferred detainees to places other than their home countries within the past six months. *See* AP, *U.S. Sends Guantanamo Prisoner Who Tried to Kill Himself to Saudi Arabia*, July 17, 2007 (reporting that United States transferred a citizen of Bahrain to Saudi Arabia on July 14 or 15). Further, the press has reported that the United States' plans to expand the prison facilities in Afghanistan and transfer Afghani Guantanamo detainees there. N.Y. Times, *Defying U.S. Plan, Prison Expands in Afghanistan*, Jan. 7, 2008. The prison in Afghanistan already houses inmates from other countries. *See, e.g.*, AP, *Inmates Detail U.S. Prison Near Kabul*, Oct. 1, 2006. Petitioner Shubati fears that pressure to close Guantanamo might motivate the U.S. to move non-Afghani prisoners to

Bagram, where widespread abuse has been documented. *See* Eliza Griswold, *Black Hole, the Other Guantanamo*, The New Republic, May 7, 2007.

While these facts are not conclusive, they suggest that Respondents will bear only a de minimis burden from the requested relief, while the prospective harm to Petitioner Shubati may be severe. Further, the Court has a strong interest in preserving the status quo until the jurisdiction question can be resolved by the Supreme Court. Thus, Petitioner respectfully requests this Court to grant 30 days' notice to counsel for Petitioner Shubati and this Court of intended removal from Guantanamo.

Dated:  January 8, 2008                                     Respectfully submitted,

Counsel for Petitioner:

   */s/ Brent N. Rushforth*
Brent N. Rushforth (DC 331074)
Kit A. Pierson (DC 398123)
Sarah B. Pojanowski (DC 502036)
Jenny L. Workman (DC 502584)
Elizabeth S. Arora
Janet E. Haws
**HELLER EHRMAN LLP**
1717 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 912-2000
Fax: (202) 912-2020

Shayana Kadidal (DC 49512)
Pardiss Kebriaei (DC 51395)
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDURRAHMAN ABDALLAH ALI MAHMOUD AL SHUBATI,**<br><br>                          Petitioner/Plaintiff,<br>   v.<br><br>**GEORGE W. BUSH**, et al.,<br><br>                          Respondents/Defendants. | **CIVIL ACTION NO. 07-CV-02338 (HHK)** |

### CERTIFICATE OF SERVICE

I hereby certify that, on this 8th day of January, 2008, I caused a true and correct copy of the **PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO MOTION FOR THIRTY DAYS' ADVANCE NOTICE OF INTENDED REMOVAL OF PETITIONER FROM GUANTANAMO** to be served electronically via the ECF system on:

TERRY M. HENRY
ANDREW WARDEN
JUDRY SUBAR
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470
Counsel for Respondents

                                                            */s/ Brent N. Rushforth*