IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ABDURRAHMAN ABDALLAH ALI
MAHMOUD AL SHUBATI,

                Petitioner/Plaintiff,

v.

GEORGE W. BUSH, et al.,

                Respondents/Defendants.

CIVIL ACTION NO. 07-CV-02338
(HHK)

**PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO AMENDED MOTION TO ENTER THE NOVEMBER 8, 2004 AMENDED PROTECTIVE ORDER**

Petitioner respectfully requests the Court to enter the November 8, 2004 protective order so that Petitioner and his counsel can meet, discuss, and correspond regarding this habeas corpus case.

Respondents' first argument is that the Court lacks jurisdiction to hear this case under the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (U.S. June 29, 2007). The Supreme Court, however, remains the final arbiter of this court's jurisdiction. It will resolve the jurisdiction question when it hands down its decision in *Boumediene*. But until that time, the status quo allowing counsel access to the base in habeas cases should remain in effect.

Respondents argue that this Court should deny entry of the November 8, 2004 Protective Order because Respondents will agree to entry of the more limited *Bismullah* protective order entered for Detainee Treatment Act ("DTA") cases. *See* Ex. 1. But that

protective order is expressly confined to cover DTA litigation, which examines whether Petitioner was properly labeled an "enemy combatant" by a Combatant Status Review Tribunal. In this case, Petitioner challenges his unjust detention at Guantanamo Bay through the writ of habeas corpus.

The *Bismullah* protective order is not appropriate here because it would limit Petitioner's ability to pursue this case. If the *Bismullah* protective order were entered, Petitioner can only receive legal mail regarding his DTA case. Further, only two client visits are permitted under the DTA protective order to "obtain his authorization to seek review of the CSRT's determination of his status." Thus, there would be no mechanism for counsel to communicate with Petitioner regarding this habeas case, and certainly no long-term mechanism for communication with Petitioner regarding this case.

For these reasons, the November 8, 2004 protective order adopted in other habeas cases is appropriate in this habeas corpus action.

Dated: January 23, 2008                    Respectfully submitted,

                                           Counsel for Petitioner:

                                           　/s/ Brent N. Rushforth
                                           Brent N. Rushforth (DC 331074)
                                           Kit A. Pierson (DC 398123)
                                           Sarah B. Pojanowski (DC 502036)
                                           Jenny L. Workman (DC 502584)
                                           Elizabeth S. Arora
                                           Janet E. Haws
                                           **HELLER EHRMAN LLP**
                                           1717 Rhode Island Avenue, NW
                                           Washington, DC 20036
                                           Tel: (202) 912-2000
                                           Fax: (202) 912-2020

Shayana Kadidal (DC 49512)
Pardiss Kebriaei (DC 51395)
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDURRAHMAN ABDALLAH ALI MAHMOUD AL SHUBATI,**<br><br>　　　　　　　　Petitioner/Plaintiff,<br>v.<br><br>**GEORGE W. BUSH**, et al.,<br><br>　　　　　　　　Respondents/Defendants. | **CIVIL ACTION NO. 07-CV-02338 (HHK)** |

### CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of January, 2008, I caused a true and correct copy of the **PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO AMENDED MOTION TO ENTER THE NOVEMBER 8, 2004 AMENDED PROTECTIVE ORDER** to be served by on the ECF system:

TERRY M. HENRY
ANDREW WARDEN
JUDRY SUBAR
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470
Counsel for Respondents

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Brent N. Rushforth*

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-1197**                                              **September Term, 2007**

**Filed On: October 23, 2007**

[1075248]

Haji Bismullah *a/k/a* Haji Bismillah, and *a/k/a* Haji
Besmella, Haji Mohammad Wali, Next Friend of Haji
Bismullah,
        Petitioners

      v.

Robert M. Gates, Secretary of Defense,
        Respondent

---

06-1397

Huzaifa Parhat, et al.,
        Petitioners

      v.

Robert M. Gates, Secretary of Defense, et al.,
        Respondents

      **BEFORE**:   Ginsburg, Chief Judge, and Henderson and Rogers, Circuit Judges

### P R O T E C T I V E   O R D E R

### as Amended October 23, 2007

      This matter comes before the court upon the parties' motions for a protective order to prevent the unauthorized disclosure or dissemination of classified national security information and other protected information that may be reviewed by, made available to, or is otherwise in the possession of, the Petitioner or Petitioner's Counsel in this case, and upon the Government's motion to amend the initial Protective Order. Pursuant to the general supervisory authority of the court, and for good cause shown,

IT IS **ORDERED**:

**1.    General Provisions**

A.  The court finds that this case involves classified national security information or documents, the storage, handling and control of which require special security precautions, and access to which requires a security clearance and a "need to know." This case may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States personnel and facilities, and other significant interests.

B.  The purpose of this Protective Order is to establish the procedures that must be followed by a Petitioner, Petitioner's Counsel, and all other individuals who receive access to classified information or documents, or other protected information or documents, in connection with this case, including the Department of Defense (DoD) Privilege Team.

C.  The procedures set forth in this Protective Order will apply to all aspects of this case, and may be modified by further order of the court sua sponte or upon application by any party. The court will retain continuing jurisdiction to enforce or modify the terms of this Order.

D.  Nothing in this Order is intended to or does preclude the use of classified information by the Government as otherwise authorized by law outside of this action under the Detainee Treatment Act.

E.  Petitioner's Counsel of record is responsible for advising his or her partners, associates, and employees, the Petitioner, and others of the contents of this Protective Order, as appropriate or needed.

F.  All documents marked as classified, and information contained therein, remain classified unless the documents bear a clear indication that they have been declassified or determined to be unclassified by the agency or department that is the original classification authority of the document or of the information contained therein.

G.  Any violation of this Protective Order may result in a sanction for contempt.

**2. Designation of Court Security Officer**

The court designates Christine E. Gunning as Court Security Officer ("CSO") for these cases, and Jennifer H. Campbell, Erin E. Hogarty, Joan B. Kennedy, Charline A. DaSilva, Nathaniel A. Johnson, Daniel O. Hartenstine, Michael P. Macisso, James P. Londergan, Barbara J. Russell and Miguel A. Ferrer as Alternate CSOs, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified documents or information, or protected

documents or information, to be made available in connection with these cases. Petitioners' Counsel must seek guidance from the CSO with regard to appropriate storage, handling, transmittal, and use of classified documents or information.

## 3. Definitions

A. "Detainee" means an alien detained by the DoD as an alleged enemy combatant at the U.S. Naval Base at Guantánamo Bay, Cuba.

B. "Petitioner" means a Detainee or a "next friend" acting on his behalf.

C. "Petitioner's Counsel" includes a lawyer who is employed or retained by or on behalf of a Detainee for purposes of representing the Detainee in this litigation, as well as co-counsel, interpreters, translators, paralegals, investigators, and all other personnel or support staff employed or engaged to assist in this litigation.

D. As used herein, the words "documents" and "information" include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

   i. papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intraoffice communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets; and drafts, alterations, modifications, changes and amendments of any kind thereto;

   ii. graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

   iii. electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

   iv. information acquired orally.

E. The terms "classified documents" and "classified information" refer to:

   i. any document or information that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor

        Orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such document;

    ii.    any document or information, regardless of its physical characteristics, now or formerly in the possession of a private party that has been derived from United States Government information that was classified, regardless of whether such document or information has subsequently been classified by the Government pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)" ;

    iii.    oral or nondocumentary classified information known to the Petitioner or Petitioner's Counsel; or

    iv.    any document or information as to which the Petitioner or Petitioner's Counsel has been notified orally or in writing that such document or information contains classified information.

F.    The terms "protected documents" and "protected information" refer to any document or information deemed by the court, either upon application by the Government or sua sponte, to require special precautions in storage, handling, and control, in order to protect the security of United States Government personnel or facilities, or other significant government interests.

G.    "Access to classified information" and "access to protected information" mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information or protected information.

H.    "Communication" means all forms of communication between Petitioner's Counsel and a Detainee, including oral, written, electronic, or by any other means.

I.    "Legal Mail" consists only of documents and drafts of documents that are intended for filing in this action and correspondence directly related to those documents that-

    i.    relate directly to the litigation of this action;

    ii.    address only (a) events leading up to the capture of the Detainee on whose behalf the petition in this action was filed, (b) events occurring between such Detainee's capture and any hearing before a Combatant Status Review Tribunal (CSRT) relating to such Detainee, and (c) the conduct of the CSRT proceeding relating to such Detainee; and

    iii.    do not include any of the following information, in any form, unless directly related to the litigation of this action:

      a.    information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency;

      b.    information relating to current political events in any country;

      c.    information relating to security procedures at the Guantánamo Naval Base (including names of United States Government personnel and the layout of camp facilities) or the status of other Detainees;

      d.    publications, articles, reports, or other such material including newspaper and other media articles, pamphlets, brochures, and publications by nongovernmental or advocacy organizations, or any descriptions of such material.

J.    The "Record on Review" means the information defined as "Government Information" by the Secretary of the Navy in his memorandum regarding "Implementation of Combatant Status Review Tribunal Procedures" dated July 29, 2004, to wit, all "reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant."

K.    "Secure area" means a physical facility accredited or approved for the storage, handling, and control of classified information.

**4.    Roles and Functions of the DoD Privilege Team and Special Litigation Team**

A.    The "DoD Privilege Team" comprises one or more DoD attorneys and one or more intelligence or law enforcement personnel. If required, the DoD Privilege Team may include interpreters/translators. The DoD Privilege Team is charged with representing and protecting the interests of the United States Government related to security and threat information. The DoD Privilege Team is authorized to review all communications specified in this order, including written communications and other materials sent from Petitioner's Counsel to the Detainee. The DoD Privilege Team may not disclose a communication from Petitioner's Counsel to the Detainee other than information provided in a filing with the court and served on Government counsel, unless the disclosure of such information is authorized by this or another order of the court or by Petitioner's Counsel.

B.    The DoD Privilege Team may redact or screen out material not meeting the definition of "Legal Mail" in section 3(I) above.

C.    When the DoD Privilege Team proposes to redact or screen out material sent from Petitioner's Counsel to a Detainee, Petitioner's Counsel for that Detainee must be notified.

5

D.     In the event a dispute regarding the screening and redaction of material from legal mail sent from Petitioner's Counsel to a Detainee cannot be resolved by the parties and Petitioner's Counsel seeks the intervention of this court, the DoD Privilege Team may disclose the material at issue to the Commander, JTF-Guantánamo Naval Base, or his representatives, including counsel for the Government.

E.     A "Special Litigation Team" is authorized to represent the DoD Privilege Team with respect to execution of its duties. The Special Litigation Team will be composed of one or more attorneys from the Department of Justice, who may not take part or be involved in litigating the merits of this action under the Detainee Treatment Act or any other case brought by or against the Detainee.

F.     The DoD Privilege Team may, through the Special Litigation Team (see § 4(H) below), inform the court of any issues or problems related to the release or processing of information related to this case.

G.     The Special Litigation Team may not disclose information provided by the DoD Privilege Team or any information submitted by Petitioner's Counsel to the DoD Privilege Team for review, except as provided by this Order or as permitted by Petitioner's Counsel or by the court.

H.     Petitioner's Counsel or the Special Litigation Team may submit filings to the court concerning the DoD Privilege Team or actions taken by it.

I.     Until otherwise notified, potentially privileged information in such filings must be submitted to the court under seal and contain a conspicuous notation as follows: "Submitted Under Seal-Contains Privileged Information." To maintain such information under seal, an appropriate application must be made to the court. Such information must be maintained under seal unless and until the court determines the information should not be sealed. Such filings by Petitioner's Counsel or the Special Litigation Team may not be served on counsel for respondent, except as authorized by Petitioner's Counsel or the court. With respect to a submission made under seal, a redacted version suitable for filing in the public record must be provided. Unresolved disputes concerning such redacted versions may be presented to the court.

J.     Petitioner's Counsel may not convey to a Detainee information redacted or screened by the DoD Privilege Team or designated for such redaction or screening, absent consent from the DoD Privilege Team, the Special Litigation Team, or the Government, or authorization by this court.

**5.**     **Access to Classified Information and Documents**

A.     Without authorization from the Government, neither Petitioner nor Petitioner's Counsel may have access to any classified information involved in this case.

6

B.     Petitioner's Counsel is presumed to have a "need to know" all the information in the Government's possession concerning the Detainee he represents. This presumption is overcome to the extent the Government seeks to withhold from Petitioner's Counsel highly sensitive information or information concerning a highly sensitive source that the Government presents to the court ex parte and in camera. Except for good cause shown, the Government must provide notice to Petitioner's Counsel on the same day it files such information with the court ex parte.

C.     Petitioner's Counsel to be provided access to classified information must execute the Memorandum of Understanding ("MOU") appended to this Protective Order, file executed originals with the court, and submit copies to the CSO and counsel for the Government. The execution and submission of the MOU is a condition precedent for Petitioner's Counsel to have initial and continuing access to classified information for the purposes of this proceeding.

D.     The substitution, departure, or removal of Petitioner's Counsel from these cases for any reason will not release that person from the provisions of this Protective Order or the MOU executed in connection with this Order.

E.     Authorization from the Government to access classified information will not be granted to Petitioner's Counsel unless Petitioner's Counsel has first:

      i.     received the necessary security clearance as determined by the Department of Justice;

      ii.     obtained either (a) written evidence of authority to represent the Detainee or (b) evidence of authority to represent the Detainee through the Detainee's next friend; and

      iii.     signed the MOU attached hereto as Exhibit A, agreeing to comply with the terms of this Protective Order.

F.     Prospective counsel for a Detainee may have up to two visits with a Detainee to obtain his authorization to seek review of the CSRT's determination of his status.

G.     The substitution, departure, or removal of Petitioner's Counsel from this case for any reason will not release that person from the provisions of this Protective Order.

H.     Except as provided herein, Petitioner's Counsel may not disclose any classified or protected information to any person. Petitioner's Counsel may not disclose classified or protected information to a Detainee, unless that information was obtained in the first instance from the Detainee.

I.     A disclosure of classified information includes any knowing, willful, or negligent action that could reasonably be expected to result in a communication or physical transfer of classified information.

7

J.  Neither Petitioner nor Petitioner's Counsel may disclose or cause to be disclosed in connection with this case any information known or believed to be classified except as otherwise provided herein.

K.  At no time, including anytime subsequent to the conclusion of this case, may Petitioner's Counsel make any public or private statements disclosing any classified information made available pursuant to this Protective Order, including the fact that any such information is classified.

L.  Petitioner's Counsel is required to treat all information learned from a Detainee, including any oral or written communication with a Detainee, as classified information, unless and until the information is submitted to the DoD Privilege Team or counsel for the Government and determined to be nonclassified. All classified material must be handled, transported, and stored in a secure manner, as provided by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

M.  Petitioner's Counsel or the DoD Privilege Team must disclose to Government counsel or Commander, JTF-Guantánamo Naval Base, any information learned from a Detainee involving any future event that threatens national security or is likely to involve violence. In such case, the Privilege Team must provide contemporaneous notice to Petitioner's Counsel and retain for Petitioner's Counsel a copy of the material provided to Government counsel or Commander, JTF-Guantánamo Naval Base.

N.  Petitioner's Counsel may not disclose the contents of any classified documents or information to any person, except those authorized pursuant to this Protective Order, the court, and counsel for the Government with the appropriate clearances and the need to know that information.

O.  In the event that classified information enters the public domain, counsel is not precluded from making private or public statements about the information already in the public domain, but only where the statements are not subject to the limitation set forth below.  Counsel may not make any public or private statements revealing personal knowledge from non-public sources regarding the classified or protected status of the information or disclosing that counsel had personal access to classified or protected information confirming, contradicting, or otherwise relating to the information already in the public domain.  In an abundance of caution and to help ensure clarity on this matter, the court emphasizes that counsel must not be the source of any classified or protected information entering the public domain.

P.  The foregoing does not prohibit Petitioner's Counsel from citing or repeating information in the public domain that Petitioner's Counsel does not know or have reason to believe to be classified information or a classified document, or derived from classified information or a classified document.

8

**6.     Secure Storage of Classified Information**

A. The CSO will arrange for one appropriately secure area for the use of Petitioner's Counsel. The secure area must contain a working area that will be supplied with secure office equipment reasonable and necessary to the preparation of the Petitioner's case. Expenses for the secure area and its equipment will be borne by the Government.

B. The CSO will establish procedures to ensure that the secure area is accessible to Petitioner's Counsel during normal business hours and at other times on reasonable request as approved by the CSO. The CSO will establish procedures to ensure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. The CSO or CSO designee may place reasonable and necessary restrictions on the schedule of use of the secure area in order to accommodate appropriate access to all Petitioners' Counsel in this and other proceedings.

C. All classified information provided by the Government to Petitioner's Counsel, and all classified information otherwise possessed or maintained by Petitioner's Counsel, must be stored, maintained, and used only in the secure area.

D. No documents containing classified information may be removed from the secure area unless authorized by the CSO or CSO designee supervising the area.

E. Consistent with other provisions of this Protective Order, Petitioner's Counsel will have access to the classified information made available to him or her in the secure area and be allowed to take notes and prepare documents with respect to those materials.

F. Petitioner's Counsel may not copy or reproduce any classified information in any form, except with the approval of the CSO or in accordance with the procedures established by the CSO for the operation of the secure area.

G. All documents prepared by Petitioner's Counsel that do or may contain classified information (including without limitation notes taken and memoranda prepared by counsel and pleadings and other documents intended for filing with the court) must be transcribed, recorded, typed, duplicated, copied, and otherwise prepared only by persons who have received an appropriate approval for access to classified information. Such activities must take place in the secure area on approved word processing equipment and in accordance with the procedures approved by the CSO. All such documents and any associated materials containing classified information (such as notes, memoranda, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) must be maintained in the secure area unless and until the CSO advises that those documents or associated materials are unclassified in their entirety. None of these materials may be disclosed to counsel for the Government unless

       authorized by the court, by Petitioner's Counsel, or as otherwise provided in this Protective Order.

H.    Petitioner's Counsel may discuss classified information only within the secure area or in another area authorized by the CSO, may not discuss classified information over any standard commercial telephone instrument or office intercommunication system, and may not transmit or discuss classified information in electronic mail communications of any kind.

I.    The CSO or CSO designee may not reveal to any person the content of any conversations she or he may hear by or among Petitioners' Counsel, nor reveal the nature of documents being reviewed by them, or the work generated by them, except as necessary to report violations of this Protective Order to the court or to carry out their duties pursuant to this Order. In addition, the presence of the CSO or CSO designee will not operate as a waiver of, limit, or otherwise render inapplicable the attorney-client privilege or work product protections.

J.    All documents containing classified information prepared, possessed or maintained by, or provided to, Petitioner's Counsel (except filings submitted to the court and served on counsel for the Government), must remain at all times in the control of the CSO for the duration of these cases.

K.    As stated in more detail in Section 9 below, failure to comply with these rules may result in the revocation of counsel's security clearance, civil liability, criminal liability, or any combination thereof.

**7.**    **Access to Protected Information**

A.    The Government may apply to the court to deem any information "protected," and if filed in this court to be maintained under seal. Such information must be maintained under seal unless and until the court determines the information should not be designated as "protected."

B.    Without authorization from the Government or the court, protected information may not be disclosed or distributed to any person or entity other than the following:

    i.    Petitioner's Counsel and counsel bound by the terms of this protective order in a case filed on behalf of another Detainee seeking review under the Detainee Treatment Act,

    ii.    the court and its support personnel, and

    iii.    a Detainee if the information was obtained in the first instance from the Detainee.

C. Neither Petitioner nor Petitioner's Counsel may disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in this case except as otherwise provided herein.

D. At no time, including any period subsequent to the conclusion of the proceedings, may Petitioner's Counsel make any public or private statements disclosing any protected information made available pursuant to this Protective Order, including the fact that any such information is protected.

E. Protected information may be used only for purposes directly related to this case and not for any other litigation or proceeding, except by leave of the court. Photocopies of documents containing such information may be made only to the extent necessary to facilitate the permitted use hereunder.

F. Nothing in this Protective Order prevents the Government from using for any purpose protected information it provides to a party. Nothing in this Protective Order entitles a nonparty to this case to protected information.

G. Within ninety (90) days of the resolution of this action and the termination of any certiorari review therefrom, all protected documents and information, and any copies thereof, provided to Petitioner's Counsel must be promptly destroyed and Petitioner's Counsel must certify in writing that all designated documents and materials have been destroyed. Counsel for the Government may retain one complete set of any such materials that were presented in any form to the court. Any such retained materials must be placed in an envelope or envelopes marked "Protected Information Subject to Protective Order." In any subsequent or collateral proceeding, a party may seek discovery of such materials from the Government, without prejudice to the Government's right to oppose such discovery or its ability to dispose of the materials pursuant to its general document retention policies.

H. The Record on Review must be provided to Petitioner's Counsel at the time the certified index of the record is filed in this court or as otherwise ordered by the court.

**8. Procedures for Filing Documents**

A. Until further order of this court, any pleading or other document filed by Petitioner that Petitioner's Counsel does not believe contains classified information must be marked "Pending Classification Review," filed directly with the court, and immediately served upon Government counsel. Government counsel must accept service via hand or overnight mail. Counsel for the Government must promptly examine the pleading or other document and forward it to the appropriate agencies for their determination whether the pleading or other document contains classified information. The court will secure the document until such a determination is rendered. If it is determined that the pleading or other document does not contain classified information, Government counsel will promptly so notify the court and Petitioner's Counsel. Should a determination be made that the pleading or other

11

      document contains classified information, Government counsel will immediately notify the court of the determination so that the document may be filed under seal and maintained appropriately. Government counsel will also notify Petitioner's Counsel and the CSO. The CSO will work with Petitioner's Counsel to ensure that any classified information that may have been inadvertently processed outside of the secure facility is appropriately secured. Government counsel will work with the appropriate government agencies and departments to prepare a redacted version of the pleading or other document appropriate for filing on the public record.

B.    Any pleading or other document filed by Petitioner that Petitioner's Counsel knows to be classified, believes may be classified, or is unsure of the proper classification, must be filed under seal with the CSO at the secure facility. The pleading or other document must be marked "secret" or "top secret" as appropriate. Petitioner's Counsel will provide the original pleading and six copies thereof to the CSO. The date and time of physical submission to the CSO will be considered the date and time of filing. The CSO must immediately email the court's Guantanamo Notification List that a filing has been received. The CSO will then deliver to the court and counsel for the Government any pleading or other document filed by Petitioner that contains classified or presumptively classified information. The CSO must promptly examine the pleading or other document and forward it to the appropriate government agencies and departments for their determination as to whether the pleading or other document contains classified information. If it is determined that the pleading or other document contains classified information, the CSO must ensure that the document is marked with the appropriate classification marking and that the document remains under seal. Government counsel will work with the appropriate government agencies or departments to prepare a redacted version of the pleading or other document appropriate for filing on the public record. If it is determined that the pleading or other document does not contain classified information, Government counsel will promptly so notify the court and Petitioner's Counsel, and the Clerk will direct the parties to file a public version without any classification markings. Any deliberate mishandling of classified information could result in the revocation of counsel's security clearance, sanction by the court, or both.

C.    Any pleading or other document filed by the Government containing classified information must be filed under seal with the court through the CSO. The date and time of physical submission to the CSO will be considered the date and time of filing with the court. The CSO must serve a copy of any classified pleadings by the Government upon the Petitioner at the secure facility.

**9. Penalties for Unauthorized Disclosure**

A.    Any disclosure of classified information in violation of this order may constitute violations of United States criminal laws. In addition, any violation of the terms of this Protective Order must be immediately brought to the attention of the court and may result in a charge of contempt of court and possible referral for criminal

    prosecution. See, e.g., Executive Order 12958, as amended. Any breach of this Protective Order may also result in the termination of access to classified information and protected information. Persons subject to this Protective Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause damage to the national security of the United States and may be used to the advantage of an adversary of the United States or against the interests of the United States. Persons subject to this Protective Order are also advised that direct or indirect unauthorized disclosure, retention, or negligent handling of protected documents or information could risk the security of United States Government personnel, United States Government facilities, and other significant United States Government interests. This Protective Order is to ensure that those authorized to receive classified information or protected information will not divulge this information to anyone who is not authorized to receive it, without prior written authorization from the original classification authority and in conformity with this Protective Order.

B.    The termination of these proceedings will not relieve any person or party provided classified information or protected information of his, her, or its obligations under this Protective Order.

## Per Curiam

                                          **FOR THE COURT:**
                                          Mark J. Langer, Clerk

                        BY:

                                          Michael C. McGrail
                                          Deputy Clerk/LD

Exhibit A

# MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO CLASSIFIED NATIONAL SECURITY INFORMATION

Having familiarized myself with the applicable statutes, regulations, and orders related to, but not limited to, unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. § 17 et seq.; and Executive Order 12958, I understand that I may be the recipient of information or documents that belong to the United States and concern the present and future security of the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States Government. In consideration for the disclosure of classified information or documents:

(1) I agree that I will never divulge, publish, or reveal either by word, conduct, or any other means such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the United States Government, or as expressly authorized by the Protective Order entered in the case captioned _____.

(2) I agree that this Memorandum of Understanding and any other non-disclosure agreement signed by me will remain forever binding on me.

(3) I have received, read, and understand the Protective Order entered by the court in the case captioned _____, and I agree to comply with the provisions thereof.